```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

CAPSTONE BUILDING CORP.,         }
                                 }
     Plaintiff,                  }
                                 }     CIVIL ACTION NO.
v.                               }     07-AR-2309-S
                                 }
EVERGREEN NATIONAL INDEMNITY     }
COMPANY,                         }
                                 }
     Defendant.                  }
```

### MEMORANDUM OPINION

The court has before it a motion of plaintiff, Capstone Building Corp. ("Capstone"), to remand the above-entitled case to the Circuit Court of Jefferson County, Alabama, from which it was removed by defendant, Evergreen National Indemnity Company ("Evergreen").  Evergreen resists remand and, instead, moves for a transfer of the case to the United States District Court for the District of Connecticut, where there is pending a case that is the mirror image of this case.  After the removal of this case, the Connecticut court rejected Capstone's contention that the forum selection clause contained in the operative contract requires that the dispute between the parties be resolved, if at all, in the Circuit Court of Jefferson County, Alabama.  The pertinent contractual language is as follows:

> This subcontract shall in all respects be governed by, and construed in accordance with, the laws of the state where the work is to be performed.  Notwithstanding the foregoing the parties hereto hereby irrevocably submit to the jurisdiction of the Circuit Court of Jefferson County, Alabama **IN [sic]** any action or proceeding shall

>     be heard and determined in the Circuit Court of
>     Jefferson County, Alabama.

(emphasis added).

This court spawned the seminal forum selection clause case, *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 208 S.Ct. 2239 (1988), in which this court learned the hard way that forum selection clauses, despite how burdensome they may be on a party, are enforceable as a matter of federal law.  The question in the instant case is not whether this forum selection clause is enforceable, but whether the manifest intention of the parties was to require the resolution of all of their disputes in the Circuit Court of Jefferson County, Alabama.

This court cannot follow, much less agree with, the reasoning of the Connecticut court which has held that what is, to this court, an obvious scrivener's error, renders this forum selection clause meaningless.  The word "IN" makes absolutely no sense in the context that word mistakenly appears in this forum selection clause. The word "AND" is the only word that makes sense. The words are easily transposed during dictation. This court, of course, cannot set aside the order entered by the Connecticut court.  Only the Second Circuit or the Supreme Court can review that order.  Nevertheless, the ruling of the Connecticut court, with which this court respectfully but strongly disagrees, does not bind this court. It is not a final judgment.  If it were final and was under appeal it would still

not be binding on this court unless and until the appellate courts affirmed.  This forum selection clause, properly construed to substitute "and" for "in" makes the Circuit Court of Jefferson County, Alabama, the exclusive forum, a fact that clearly precluded this removal and that requires an order of remand, which will be separately entered.

    DONE this 27th day of February, 2008.

                                                                     /s/ William M. Acker, Jr.

                                                WILLIAM M. ACKER, JR.
                                                UNITED STATES DISTRICT JUDGE